# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| DECAPOLIS SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EPIC SYSTEMS CORPORATION,<br><br>Defendant. | Case No. 6:21-cv-00434-ADA<br><br>**Jury Trial Demanded** |

**REQUEST FOR ORDER GRANTING EPIC SYSTEM CORPORATION'S MOTION TO DISMISS FOR IMPROPER VENUE OR TRANSFER VENUE TO THE WESTERN DISTRICT OF WISCONSIN AND STRIKING PLAINTIFF'S AMENDED COMPLAINT**

## I.     INTRODUCTION

This Court has issued orders setting forth a clear schedule and procedure for litigating motions challenging venue. The plaintiff is allowed three months to conduct venue-related discovery, with its response brief due two weeks after the close of that discovery period. The Court's procedure does not contemplate the filing of an amended complaint as an alternative to a response brief. That makes sense—a plaintiff may cite *evidence* in its response brief that is not contained in its complaint, so an amended complaint to address insufficient venue allegations is unnecessary.

Yet Plaintiff here chose to do just that; it filed an amended complaint instead of a response to Epic's Motion to Dismiss for Improper Venue or to Transfer Venue to the Western District of Wisconsin ("Motion"). That amended complaint is improper, as discussed further below, and should be stricken. Plaintiff's belated filing of an amended complaint is merely a delay tactic attempting to prolong the inevitable transfer of this lawsuit to a proper venue.

The Court should therefore ignore or strike the Amended Complaint and grant Epic's Motion because (1) the Motion can be granted as unopposed when a Plaintiff fails to file a response; and (2) even if the Court were to consider the amended complaint as a response, it does not change the conclusion that venue is improper in this District.

## II.    BACKGROUND

Plaintiff filed its Complaint against Epic in this Court on April 29, 2001. Given that no basis exists for venue in this Court, Epic filed its Motion on June 22, 2021. Dkt. 10. Per the Court's June 8, 2021 Amended Standing Order, the three-month discovery period began that day. On July 12, twenty days into the discovery period, Plaintiff served requests for production, interrogatories, and a 30(b)(6) deposition notice. Saros Decl. ¶ 2. On August 2, Epic timely served objections and

1

responses to the discovery requests and produced responsive documents through a share file system. *Id.* ¶ 3. Plaintiff's counsel waited 25 days to download Epic's document production. *Id.* ¶ 4. Plaintiff never challenged the sufficiency of Epic's discovery responses, Epic's document production, or Epic's written objections in its responses. *Id.* ¶ 5.

Other than Plaintiff serving discovery, Epic heard absolutely nothing else from Plaintiff until *87 days* into the three-month discovery period set to end on September 22, when Plaintiff requested a one-month extension of the venue discovery period through an email at the close of business on Friday, September 17. *Id.* ¶ 6. Counsel then met and conferred on September 21. *Id.* ¶ 7. Even though Plaintiff failed to follow up and schedule the deposition of Epic's 30(b)(6) witness as stated in its notice, Epic nonetheless agreed to produce its 30(b)(6) representative outside the discovery period, and Plaintiff's counsel accordingly agreed to withdraw its extension request. *Id.*

The three-month discovery period closed on September 22. Plaintiff took the deposition of Epic's 30(b)(6) witness on September 30, which lasted approximately 25 minutes. *Id.* ¶ 8. The deadline for Plaintiff's response to Epic's Motion was October 6, but Epic agreed to Plaintiff's request for a two-week extension, making Plaintiff's new opposition deadline October 20. *Id.* ¶ 9. At no time did Plaintiff inform Epic that it did not intend to file an opposition and instead would file an amended complaint, yet Plaintiff did just that. *Id.* ¶ 10.

On October 20, Plaintiff filed an amended complaint. Dkt. 18.[1] Plaintiff never sought the Court's leave to file that amended complaint or requested an extension to file its opposition to

---

[1] Just two days before its response was due under the extension, Plaintiff requested additional documents from Epic that were not sought by any prior discovery request. Saros Decl. ¶ 11. Because (1) Plaintiff had plenty of time to request these documents during the discovery period and did not, (2) these documents were completely irrelevant to whether Epic has a regular and established place of business in this District, and (3) Epic had already exhausted its patience for Plaintiff's games, Epic declined the request. *Id.*

Epic's Motion. The amended complaint cites no new evidence relevant to the venue analysis; instead, it adds a mishmash of conclusory allegations and argument that could have been made in an opposition brief.

### III.  ARGUMENT

Because Plaintiff never filed a response to Epic's Motion, the Motion should be granted as unopposed. *See* Local Rule CV-7(D)(2) (noting that "[i]f there is no response filed within the time period prescribed . . . , the court may grant the motion as unopposed.").[2] The filing of an amended complaint instead of a response to Epic's Motion is improper. As an initial matter, the Court's Amended Standing Order provides substantial time for discovery and response to a venue motion; it does not contemplate the filing of an amended complaint as a response.

Moreover, both the Federal Rules of Civil Procedure and the Local Rules provide that an amended complaint may be filed in response to a motion to dismiss only within 21 days of the filing of the motion. *See* Fed. R. Civ. P. 15(a)(1)(B); Local Rule CV-15(a). Plaintiff missed that 21-day deadline and failed to seek this Court's leave. *See* Fed. R. Civ. P. 15(a)(2).[3] Accordingly,

---

[2] *See also Wiley v. Dunbar*, No. 6:20-CV-01059-ADA-JCM, 2021 U.S. Dist. LEXIS 195251, at *5–6 (W.D. Tex. July 28, 2021) (granting motion to dismiss as unopposed where defendant did not file response); *Jenkins v. Am. Sw. Mortg. Corp.*, No. SA18CA460FBHJB, 2018 WL 7198156, at *4 (W.D. Tex. Dec. 4, 2018*), report and recommendation adopted*, No. CV SA-18-CA-460-FB, 2019 WL 413566 (W.D. Tex. Jan. 17, 2019) (recommending that motions to dismiss be granted as unopposed where plaintiff had not responded); *Williams v. Ditech Fin., LLC*, No. SA-16-CA-404-FB (HJB), 2016 U.S. Dist. LEXIS 198021, at *6 (W.D. Tex. Sep. 30, 2016) (same); *Allen v. Washington Mut. Bank*, No. A-15-CV-0411-LY-ML, 2015 WL 4395141, at *5 (W.D. Tex. July 16, 2015), *report and recommendation adopted*, No. A-15-CV-411-LY, 2015 WL 11438108 (W.D. Tex. Aug. 19, 2015) (same); *Marks v. Bank of N.Y. Mellon*, No. SA-16-CA-111-OLG (HJB), 2016 U.S. Dist. LEXIS 196963, at *4–5 (W.D. Tex. May 10, 2016) (same).

[3] Although the Court's Standing Order Governing Proceedings – Patent Cases provides that to amend pleadings, "[a] motion is not required unless the amendment adds patents or patent claims," it does not contemplate the filing of an amended complaint in response to a venue challenge that would circumvent this Court's Order on venue discovery and response.

3

the amended complaint has "no legal effect." *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) ("[F]ailing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no legal effect."); *see also Prince-Rivers v. Fed. Express Ground*, 731 F. App'x 298, 300 (5th Cir. 2018) (stating that a plaintiff "cannot simply file documents and declare them to be amended complaints" if the plaintiff did not comply with Rule 15). As such, the Court may simply ignore the amended complaint or "may properly strike" it. *Devabhaktuni v. C.P.S.*, No. 3:19-CV-1743-N-BT, 2020 WL 4745048, at *2 (N.D. Tex. July 16, 2020), *report and recommendation adopted*, No. 3:19-CV-1743-N-BT, 2020 WL 4732088 (N.D. Tex. Aug. 14, 2020).

Further, Plaintiff's decision to file an amended complaint rather than a response brief is a delay tactic and a transparent attempt to force Epic to continue to litigate this case in an improper venue. The Court should not permit this gamesmanship. As Epic provided in its Motion, in ruling on a motion to dismiss for improper venue, "[t]he Court may consider evidence in the record beyond the facts alleged in the complaint and its admissible attachments." Mot. at 2–3 (quoting *Koss Corp. v. Skullcandy, Inc.*, No. 6-20-CV-00664-ADA, 2021 WL 1226557, at *1 (W.D. Tex. Mar. 31, 2021)). Thus, Plaintiff had no need to file an amended complaint to add information that it was always permitted to cite in its response brief. The only explanation for Plaintiff's filing of the amended complaint, then, is that Plaintiff is attempting to moot the motion to dismiss, forcing Epic to re-file and hoping to restart the three-month discovery period, which is abusive considering Plaintiff took little action in the three-months already given. The Court should put an end to Plaintiff's dilatory tactics and dismiss this case or transfer it to the appropriate venue.

4

Finally, even if the Court considers Plaintiff's purported amended complaint as a response to Epic's Motion, the Motion should be granted.[4] Plaintiff merely added irrelevant information that does not affect the venue analysis. Plaintiff cannot establish that Epic has a regular and established place of business in the district under the *In re Cray Inc.* three-prong test: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Nothing Plaintiff added in its amended complaint satisfies those requirements. Instead, Plaintiff makes generalized assertions that Epic

1. "maintains physical brick-and-mortar business locations in the State of Texas and within this District through its ratification and control over its clients and API developers ('Clients') in this District (as shown in Figs. 1-3)";

2. "retains employees specifically in this District for the purpose of servicing customers and Clients in this District";

3. "generates substantial revenues from its business activities in this District"; and

4. "ratifies and controls its Clients' use of its products and services."

Amended Compl. ¶ 6–7.[5] Plaintiff's allegations are simply generalized nonsense. Plaintiff makes no reasonable allegation of ratification and control of Epic's customers. And Plaintiff is aware that two Epic employees reside in the district at their own choosing. Lastly, generating revenues in the district cannot create venue; otherwise, the venue statue would be turned on its head.

---

[4] Epic notes that this Court recently granted a motion to dismiss for improper venue even after the plaintiff had filed an amended complaint. *See GreatGigz Solutions, LLC v. Maplebear, Inc.*, No. W-20-CV-00737-ADA, 2021 WL 4691145, at *1 (W.D. Tex. Oct. 6, 2021). Considering the plaintiff's counsel from *GreatGigz Solutions* also represents Decapolis here, Plaintiff knew that its tactic to file an amended complaint was improper.

[5] The allegations in Paragraph 6 remain similar to those in the original complaint, but Plaintiff now mentions "Clients."

Plaintiff's allegations are just an attempt to shoehorn its argument into the framework of this Court's decision in *StratosAudio, Inc. v. Volkswagen Group of America, Inc.*, Case No. 6-20-cv-01131-ADA (Sept. 20, 2021), which Plaintiff identified in its Amended Complaint. In that case, Volkswagen had multiple authorized dealerships in this District and exercised control over various aspects of those dealerships, including the dealerships' premises and facilities and their use and maintenance, the dealerships' inventory of vehicles and parts, and the number of personnel that the dealerships were required to have on site and their certifications and training. *Id.* at 5–6. Further, the Volkswagen website displayed a list of its authorized dealerships and allowed users to schedule a test drive, and Volkswagen conducted business from its dealerships by providing warranties to consumers in this District. According to the Court, Volkswagen therefore ratified its authorized dealerships, making those dealerships "place[s] of the defendant" under *In re Cray Inc*. *Id.* at 8. This Court then found that the authorized dealers were Volkswagen's agents that conducted Volkswagen's business because Volkswagen exercised a broad scope of control over them and engaged in the business of distributing its vehicles through the dealerships. *Id.* at 8–10.

That case is irrelevant and inapposite to the facts here. Epic does not have any dealership-like agents in this District—it does not distribute products to consumers through third-party entities over which it exercises control. Epic does not own or lease its customers' facilities, does not represent its customers' facilities as Epic's place of business, does not require its customers' presence in the District or prohibit them from leaving, and has no agency relationship with its customers nor any exercise of control over its customers' business of providing healthcare. Plaintiff cites absolutely no evidence to this effect because it does not exist. In fact, Plaintiff offers no substantive challenge to the arguments in Epic's Motion because it cannot—venue is unquestionably improper in this District.

6

## IV. CONCLUSION

For the reasons set forth in Epic's Motion, to which Plaintiff did not file an opposition, venue is improper in this District, and this case must therefore be dismissed or transferred to the Western District of Wisconsin. Alternatively, this case should nonetheless be transferred to the Western District of Wisconsin under Section 1404(a) for the convenience of the parties and in the interest of justice.

Dated:  October 26, 2021

Respectfully submitted,

*/s/ Nick G. Saros*

Richard D. Milvenan
McGINNIS LOCHRIDGE
1111 W. 6th Street, Suite 400
Austin, TX 78703
Tel.:  (512) 495-6000
Fax:  (512) 495-6093
rmilvenan@mcginnislaw.com

Nick G. Saros (*admitted pro hac vice*)
Madeline Skitzki (*admitted pro hac vice*)
JENNER & BLOCK LLP
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071
Tel.:  (213) 239-5100
Fax:  (213) 239-5199
nsaros@jenner.com
mskitzki@jenner.com

*Attorneys for Defendant Epic Systems Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2021, a true and correct copy of the foregoing response was served on all counsel of record who have appeared in this case via the Court's CM/ECF system per Local Rule CV-5.

*/s/ Nick G. Saros*
Nick G. Saros