IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DECAPOLIS SYSTEMS, LLC,<br>*Plaintiff*<br><br>-vs-<br><br>EPIC SYSTEMS CORPORATION,<br>*Defendant* | §<br>§<br>§<br>§   W-21-CV-00434-ADA<br>§<br>§<br>§<br>§<br>§ |

## ORDER TO STRIKE PLAINTIFF'S AMENDED COMPLAINT AND ORDER RESPONSE TO THE MOTION TO DISMISS

Came on for consideration Defendant Epic Systems Corporation's ("Epic") Response in Support of its Motion to Dismiss. ECF No. 21. After review of the briefing, applicable law, and responses, the Court ORDERS that Plaintiff Decapolis Systems, LLC's ("Decapolis") Amended Complaint (ECF No. 18) be **STRICKEN** and that Plaintiff respond to Defendant Epic's Motion to Dismiss (ECF No. 10) within fourteen (14) days.

### I.   BACKGROUND

Plaintiff Decapolis filed this lawsuit against Defendant Epic on April 29, 2021, alleging infringement of U.S. Patent Nos. 7,490,048 ("the '048 Patent") and 7,464,040 ("the '040 Patent"). ECF No. 1. In its Complaint, Decapolis alleged, on information and belief, that "Defendant maintains physical brick-and-mortar business locations in the State of Texas and within this District, retains employees specifically in this District for the purpose of servicing customers in this District, and generates substantial revenues from its business activities in this District." ECF No. 1 ¶ 6.

1

In response, Epic filed a Motion to Dismiss for Improper Venue or to Transfer Venue to the Western District of Wisconsin (the "Motion to Dismiss"). ECF No. 10. In broad terms, Epic argues that it has no established, physical place of business in the Western District of Texas.

Nearly four months later, after venue discovery was complete and without leave of court, Decapolis filed an Amended Complaint (ECF No. 18) updating its venue allegations to state that "Defendant maintains physical brick-and-mortar business locations in the State of Texas and within this District *through its ratification and control over its clients and API developers in this District*, retains employees specifically in this District for the purpose of servicing customers *and Clients* in this District, and generates substantial revenues from its business activities in this District" (emphasis added). Less than a week later, Epic filed a Response in Support of its Motion to Dismiss ("Epic's Response"). ECF No. 21. Less than two weeks later, Decapolis filed a Response to the Motion, arguing that its Amended Complaint mooted Epic's Motion to Dismiss. ECF No. 22. The parties are currently at an impasse regarding the impact of the Amended Complaint, if any, and the ripeness of Epic's Motion to Dismiss.

## II.     LEGAL STANDARD

Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure states that a party may amend its pleading once as a matter of course within "21 days after service of a motion under Rule 12(b)." Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Also, under the local rules, "[i]f there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed." Local Rule CV-7(d)(2).

### III.  ANALYSIS

Epic argues that the Amended Complaint, as filed, has no legal effect because it fell outside the 21-day time frame allowed under Rule 15 and was filed without leave or consent. ECF No. 21 at 3–4. Decapolis does not address Epic's argument, other than to state that the filing of its Amended Complaint mooted Epic's Motion to Dismiss the original complaint. ECF No. 22.

Decapolis failed to file its Amended Complaint as a matter of course within the 21 days required by Rule 15 of the Federal Rules of Civil Procedure. Decapolis also failed to seek leave of this Court or acquire consent from Epic. *See* ECF No. 21 at 2. Accordingly, the Amended Complaint has "no legal effect." *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) ("[F]ailing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no legal effect."). Therefore, the Court "may properly strike" the amended complaint. *See Devabhaktuni v. C.P.S.*, No. 3:19-CV-1743-N-BT, 2020 WL 4745048, at *2 (N.D. Tex. July 16, 2020), *report and recommendation adopted*, No. 3:19-CV-1743-N-BT, 2020 WL 4732088 (N.D. Tex. Aug. 14, 2020).

Epic further argues that with the Amended Complaint stricken, no response has been filed and this Court should grant the Motion to Dismiss as unopposed pursuant to the local rules. Local Rule CV-7(d)(2) uses the permissive word "may." Accordingly, this Court will grant Decapolis fourteen (14) days to respond to the Motion to Dismiss to assess the merits of the motion.

Should Decapolis seek to file an amended complaint, it must first seek leave or Epic's consent. To be clear, if Epic seeks leave to file an amended complaint, it will have no effect on

the deadline for its response to the Motion to Dismiss. Epic has made clear that the amendments to the original complaint did not impact Epic's arguments regarding venue in the Motion to Dismiss. Given Epic's Response, the Court will not entertain further delay, especially since Epic's Response to re-urge its Motion to Dismiss was filed after Decapolis errantly filed its alleged Amended Complaint. Plaintiff must now address the merits of the Motion to Dismiss. Moreover, Decapolis's amendments to the venue allegations in the original complaint are better suited for a response to the Motion to Dismiss.

## IV.  CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff Decapolis Systems, LLC's Amended Complaint (ECF No. 18) is **STRICKEN**.

IT IS FURTHER ORDERED that Plaintiff Decapolis Systems, LLC respond to the merits of Epic Systems Corporation's Motion to Dismiss (ECF No. 10) within fourteen (14) days.

IT IS FURTHER ORDERED that the parties notify the Court when the Motion to Dismiss is ripe for adjudication by emailing the clerk.

SIGNED this 14th day of December, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE